Nott, J.
delivered the opinion of the Court.
The several grounds taken in this case for a new trial resolve themselves into the single question, whether the plaintiff was third mate on board the , revenue cutter Gallatin, at the. timé of the capture of the Gustava. And that *461 involves the previous inquiry, what shall be evidence of his having held that office? By an act of Congress of 2d March, 1799, 1 Gray doll's Digest, 201, it is enacted, that “ there shall be to ■ each of the revenue cutters, one captain or master, and not more than three lieutenants or mates, first, second, and third, and not more than seventy men, including non-commissioned officers, gunners and marines.” (Acts of Congress, 2d March, 1799, 4 Vol. 275.) I should conclude from this act, that the mates are to be considered as commissioned officers. They are classed with the captain in opposition to “ non-commissioned officers, gunners and mariners.” But whatever doubt may arise on the construction of this act, I think will be removed by a reference to another act passed the same session, l Gray don’s Digest, 373. By that act it is enacted, that the compensation of the commissioned officers of the revenue cutters, shall be as follows: to wit, “ to a captain or master, fifty dollars per month, and the subsistence of a captain in the army of the United States; to a first lieutenant or mate, thirty-five dollars per month; to a second lieutenant or mate, thirty dollars per month; to a third lieutenant or mate, twenty-five dollars per month.” (4 Vol. 478, Acts of Congress.) Here they are expressly declared to be commissioned officers. - In the act first cited, Graydon, 202, it is further enacted, that “ the officers of the said revenue cutters shall be appointed by the President of the Unit *462 ed States.” Two facts appear to me to be satisfactorily established by these acts: 1st. That the mates of the revenue cutters are, or ought to be, commissioned officers; And, 2d, That they must be appointed by the President of the United States. And when a person comes into Court in any particular character, he must show that he is clothed with the authority which he assumes. ' The plaintiff has set forth in his declaration, that he was the third mate of the revenue cuttér, and that is not an immaterial allegation* It is the pivot on which the case turns, and •must be supported by proof. I do not mean to be understood, that an officer (plaintiff) must always produce his commission. But he must produce some evidence of his appointment, and that it was made by the proper authority. And, until better informed, I cannot consider the appointment of such an officer, as this plaintiff claims to be, good, unless madé by the President of the United States. If any other law or custom exists than those I have shown, they ought to have been produced. But the appointment must be by somebody, and the evidence of it must be somewhere. And wherever it is, and by whomsoever made, it. was susceptible- of proof. In the monthly returns of the captain, it appears, that the plaintiff was acting, at the time the Gustava was taken, as third mate-Phillips, the boatswain, also deposed, that he was the third mate, and was on board at the *463 time. But by whom he was appointed, or by what authority he was acting as such, does' not appear, except by the testimony of Cox, who said the captain could make and break the mate at pleasure. It is now contended, that the commission does not confer the office, but is only evidence of it; and that being reputed third mate, and proved to be in the exercise of the office, is sufficient evidence of the fact; and several authorities are cited to that effect. (Phil, on Evi. 170; 4 D. and East, 366; 1 Cranch, 137; 3 Term Rep. 632; 2 Bee’s Admiralty Rep. 405.) That a commission is only evidence of an office, and does not confer any authority, is admitted. And whether it is the only evidence, that can be admitted where it does actually exist, it is not necessary now to decide. All that is contended for is, that there must be some evidence of the appointment. In ordinary cases, proof that a person is generally reputed an officer, and that he is actually in the exercise of such office, will be sufficient evidence of the fact. As when a person is sued for any act done by him in any official capacity, it does not lie in his mouth to say he is not the person he has held himself out to the world to be. So where The question comes before .the Court collaterally, as a deed made by a Sheriff in the due execution of his office, or even in a criminal case an affidavit taken before a person acting as a magistrate, or a warrant issued by him. In these and like *464 cases no higher evidence will be required than that he was generally reputed such officer, and was actually in the exercise of such office. In-J deed, in some cases, the principle is even carried further, and perhaps correctly. As where an attorney brought an action of slander against a person for charging him with mal-practice in his profession, it was held that he need not prove that he was an attorney, because the charge made by the defendant admitted that he was so. (4 D. and E. 366.) So where a person has been acting in a particular capacity, and the defendant has dealt with him in that character, and acknowledged him as such, he shall not be permitted afterwards to dispute his authority. (3 D. and E. 632.) And if in this case the money was now in the hands of Captain M-Neel, and no other person was claiming it, I am inclined to think that his monthly returns would be sufficient evidence against him to authorize the plaintiff to recover. But when the question of office is the point directly in issue, more strict proof ought to be required. For although this action is against Captain MlJYecl, yet it is really a contest between two officers, (or persons claiming to be officers,) one of whom is in possession of the money, and the other coming to deprive him of it. Cox swears that Pennington was the first mate, that he was the second, and Mansion the third. He went on board the day before the capture. If that is true, Mansion was superseded as se *465 cond mate, and became the third; and Allen, who received a temporary apppointmént during the absence of Cox, was in his turn also superseded by Marston. This evidence was corroborated by the fact, that the captain has paid their respective shares over to them. And the captain being a confidential officer, intrusted with the distribution of the prize-money, his acts, before action brought, are to be respected. The receipt of Marston for the share due the 3d mate; also further corroborates this testimony. For he appears in the captain’s return as 2d mate; and would not have accepted the third dividend if he had been entitled to the second. But admitting, that Allen was in fact 3d mate, appointed by the captain, pro hac vice, and had really been acting as such When the Gustava was taken, I should doubt extremely whether, siricii juris, he would be entitled to receive the prize-money, because the captain does not appear to have any such authority. That he would be equitably entitled to it, I have no doubt. And that the government would direct it to be paid to him, perhaps there is as little doubt. But it does not follow; that the captain would be authorized to payitover to him without special instructions, or that this Court would have a right to enforce the payment of it. But we do not deprive the plaintiff of his right, by granting a new trial. If his claim is well founded,' he will have an opportunity to es *466 tablish it by better evidence. If it is not, he J 1 ought not to recover.
Prioleau, for the motion.
King, contra.
j am o£ 0pjnj0n a nevv trial ought to be granted.
Bay and Johnson, J. concurred.
Cheves, J.
I am of opinion the case was sufficiently proved. The returns by the defendant to the Custom House, I think, contained the admission of the defendant, which ought, according to justice, and the cases, to bind him, as well as satisfactory proof of the recognition of the collector, that the plaintiff was 3d lieutenant of the cutter. The collector is practically, and according to law, the agent of the government in relation to the revenue cutter, and his admission of the fact is good evidence of the appointment being made according to law. (Gallison’s Reports, p. 222.) I think the defendant paid the money to the other claimant in his own wrong, as he had full notice of the plaintiff’s claim. I think the verdict was just and legal, and I am against a new trial.
Colcock, J.
I concur with my brother Cheves.